IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO: |
| | : | 7:25-cr-26–WLS-ALS-1 |
| MARGARITA ANGEL YOUNG, | : | |
| | : | |
| Defendant. | : | |

## ORDER

Previously, the Court provided the Parties with notice that this case was scheduled for pretrial conference on Wednesday, November 19, 2025, at 2:00 p.m., and for trial during the Court's Valdosta Specially Set Trial Term beginning December 8, 2025 (Doc. 19). Defendant filed a timely Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 20) ("Motion"), requesting a continuance to the next Valdosta trial term because Defense Counsel states that she has not yet received discovery in this matter. Defense Counsel represents that she conferred with Government's counsel, who does not oppose the Motion.

Defendant further states that the ends of justice served by granting the continuance outweigh the best interests of the public and the Defendant in a speedy trial, and that the period of delay in continuing the trial **to the beginning of the trial term** be excluded under the Speedy Trial Act 18 U.S.C. § 3161. As Defense Counsel is aware, the Court may schedule multiple criminal trials during a term of Court, and thus finds that the period of delay in continuing the trial **through the conclusion of the trial term** is excludable under the Speedy Trial Act.

The Court notes that Defendant requests a continuance to the Court's next regularly scheduled trial term which for Valdosta cases is February 2026, beginning February 2, 2026. The pretrial conference for the February 2026 Trial Term will be held in approximately six weeks on December 30, 2025.

Based on Defendant's stated reasons including the fact that Defense Counsel has not yet received discovery, the status of this case, and the Court's review of the entire record, the

Court finds that: (1) a continuance is required for Defense Counsel to effectively prepare for trial; (2) a continuance to the Court's May 2026 Valdosta Trial Term will best serve the ends of justice and will provide Defense Counsel the reasonable time necessary for effective preparation of this case; and (3) the ends of justice served by granting such continuance outweigh the best interests of the public and Defendant in a speedy trial under 18 U.S.C. § 3161(h)(7)(A)-(B);

Accordingly, the Motion (Doc. 20) is **GRANTED**, as follows:

1. The trial in the above-referenced matter is **CONTINUED** to the Court's Valdosta Division **May 2026 Trial Term and its conclusion**, or as may otherwise be ordered by the Court.

2. In the event either Defense Counsel or Government's Counsel believe the case will be ready for trial during the February 2026 Valdosta Trial Term, then on or before **Wednesday, November 26, 2025**, such Party shall file the appropriate motion to set this case for such term of Court. Counsel should confer in advance of fling such motion.

3. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance would (a) likely result in a miscarriage of justice, (b) deny Defendant the continuity of counsel, and (c) deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

4. The November 19, 2025 pretrial conference is **CANCELLED**.

**SO ORDERED**, this 18th day of November 2025.

/s/
W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT